IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| KAMAOLE POINTE DEVELOPMENT LP; ALAKU POINTE LP, | ) ) ) ) | CV. NO. 07-00447 DAE-LEK |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| COUNTY OF MAUI, et al., | ) ) | |
| Defendants. | ) ) ) | |

ORDER GRANTING IN PART AND DENYING IN PART COUNTY
DEFENDANTS' MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing County Defendants' motion and the

supporting and opposing memoranda, the Court GRANTS IN PART and DENIES

IN PART County Defendants' Motion for Reconsideration of Order Granting in

Part and Denying in Part County Defendants' Motion for Summary Judgment, or

in the Alternative, Partial Summary Judgment Filed July 3, 2008 ("Motion for

Reconsideration") (Doc. # 83).

As set forth in more detail below, the Court clarifies the July 3, 2008

Order Denying Plaintiffs' Motion for Partial Summary Judgment Declaring

Ordinance 3418 Void on its Face under the Doctrine of Unconstitutional

Conditions; and Order Granting in Part and Denying in Part County Defendants'

Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment

("July 3, 2008 Order") as follows: County Defendant's motion for summary

judgment is granted with respect to Plaintiff's facial equal protection and facial due

process claims, and denied with respect to Plaintiffs' as-applied equal protection

and as-applied due process claims.  The Court's holding with respect to County

Defendants' "class of one" argument remains undisturbed.

## BACKGROUND

The parties are familiar with the underlying facts of this case so the

Court only recounts those necessary to its immediate determination.  Plaintiffs

Kamaole Pointe Development LP ("KPLP")  and Alaku Pointe LP ("APLP")

(collectively "Plaintiffs") are the owners of two parcels of land in Kīhei, Maui, on

which they planned to construct two multi-family residential projects.

On or about December 5, 2006, the Maui County Council ("Council")

passed Ordinance No. 3418, entitled the "Residential Workforce Housing

Policy"(the "Ordinance").  The Ordinance requires that, when fifty percent or more

of the dwelling units and/or new lots in a residential development are offered for

sale for $600,000 or more, fifty percent of the total number of units and/or lots

shall be sold or rented to residents within the income-qualified groups established

2

by the Ordinance.[1]  In lieu of providing units, the Ordinance provides that the

developer may satisfy its mandate by either: (1) paying an in-lieu fee at the rate of

30% of the total project sales; (2) donating unimproved land valued at 200% of the

in-lieu fee; or (3) donating improved land valued at 100% of the in-lieu fee, which

would be documented in an agreement between the developer and Maui County

("County").  The Ordinance's income-qualified groups are families with incomes

between 100% and 160% of the of the County's median family income as set forth

by the United States Department of Housing and Urban Development.

On February 23, 2007, Plaintiffs appealed for a waiver from the

Ordinance.  On August 21, 2007, the Council rejected Plaintiffs' appeal, finding

that there was a reasonable nexus between the impact of Defendants' proposed

developments and the need for affordable housing.

On August 23, 2007, Plaintiffs filed their Complaint, which was

subsequently amended on September 6, 2007 (the "First Amended Complaint" or

"FAC").  In the FAC, Plaintiffs asserted the following claims pursuant to 42 U.S.C.

§ 1983: deprivation of constitutional rights (Count 1); the Ordinance, on its face,

effects an impermissible taking (Count 2); the Ordinance, on its face, violates

---

[1] When more than fifty percent of the dwelling units or new lots in a
development are offered for sale for less than $600,000, forty percent of the total
units or lots must be sold or rented to residents within the income-qualified groups.

3

Plaintiffs' substantive due process and equal protection rights (Count 3); the

Ordinance violates the Hawai`i Constitution (Count 4); and Defendants lacked

authority to enact the Ordinance because imposition of a development exaction for

affordable housing by way of in-lieu fees is not authorized by State statute (Count

5).  Plaintiffs also sought to enjoin enforcement of the Ordinance (Count 6).[2]

On February 28, 2008, Plaintiffs filed a motion for partial summary

judgment and, on April 2, 2008, County Defendants filed a motion for summary

judgment.  In the July 3, 2008 Order, the Court denied Plaintiffs' motion on the

basis that Plaintiffs' "unconstitutional conditions" claim was in fact an unripe

facial takings claim.  On County Defendants' motion, the Court granted summary

judgment on the unripe takings claims and dismissed them without prejudice as

they were subject to further procedural development in State court.  The Court also

denied County Defendants' motion as to Plaintiffs' equal protection and

substantive due process claims, determining that County Defendants, as the

moving party, had not met their burden of demonstrating no genuine issue of

---

[2] While not specified in the causes of action section of the FAC, the Court's
careful review indicates that Plaintiffs additionally brought as-applied equal
protection and due process claims.  (See FAC at 12 ("Plaintiffs have brought this
action because the Ordinance, on its face and/or as applied, violates Plaintiffs'
rights under the Fifth and Fourteenth Amendments of the Constitution of the
United States . . . ."))

4

material fact on these issues.[3]  It is this determination on which County Defendants

now seek reconsideration.

STANDARD OF REVIEW

County Defendants move this Court to reconsider its previous order

pursuant to Local Rule 60.1 and Federal Rule of Civil Procedure ("FRCP")

60(b)(1).  Local Rule 60.1 provides that "[m]otions for reconsideration of

interlocutory orders may be brought only upon the following grounds:  (a)

Discovery of new material facts not previously available; (b) Intervening change in

law; (c) Manifest error of law or fact."  LR 60.1.  FRCP 60(b)(1) provides that the

court may relieve a party from a final judgment for reason of "mistake,

inadvertence, surprise, or excusable neglect."

The disposition of a motion for reconsideration is within the discretion

of the district court.  Lolli v. County of Orange, 351 F.3d 410, 411 (9th Cir. 2003);

Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982).  This rule

derives from the compelling interest in the finality of judgments, which should not

be lightly disregarded.  Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983);

Carnell v. Grimm, 872 F. Supp. 746, 758 (D. Haw. 1994).

---

[3] The Court additionally found summary judgment unwarranted as to
Plaintiffs' State law claims and declined County Defendants' request to certify
these issues to the Hawai`i Supreme Court.

The Ninth Circuit requires a successful motion for reconsideration to furnish both a reason why the court should reconsider its prior decision, as well as facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  <u>Carnell</u>, 872 F. Supp. at 758.  Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision.  <u>See</u> <u>Haw. Stevedores, Inc. v. HT & T Co.</u>, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

<u>DISCUSSION</u>

County Defendants assert that the Court erred in not granting summary judgment on Plaintiffs' facial equal protection claim, facial due process claim, and "class of one" equal protection claim.  With respect to the first two of these arguments, County Defendants assert that: (1) the Ordinance is presumptively valid and requires only a rational basis to be upheld, (2) Plaintiffs, as the party challenging the Ordinance, bear the burden of overcoming this presumption of validity, and, (3) Plaintiffs failed to overcome this presumption and, thus, summary judgment was appropriate.  As to the "class of one" argument, County Defendants aver that this claim requires Plaintiffs to identify similarly situated entities and Plaintiffs' failure to do so warranted summary judgment.

6

Before proceeding with its analysis, the Court notes that its review of the parties' briefs and the July 3, 2008 Order reveals some confusion as to the scope of County Defendants' challenge to the constitutional claims brought by Plaintiffs. As stated above, Plaintiffs allege that the Ordinance, both facially and as applied to them, violates equal protection and due process. Thus, Plaintiffs raise the following distinct claims: (1) facial equal protection; (2) as-applied equal protection; (3) facial due process; and (4) as-applied due process. While County Defendants' motion for summary judgment acknowledged these distinctions, the memorandum in support of the motion did not clearly delineate which arguments raised therein were applicable to each of these claims and, instead, relied heavily on the Ordinance's presumptive validity and general applicability as a basis for County Defendants' requested relief. As a result, the July 3, 2008 Order did not explicitly address the facial/as-applied distinction.

Here, County Defendants ask this Court to reconsider the July 3, 2008 Order and grant summary judgment only on Plaintiffs' facial equal protection and due process claims. For the reasons set forth below, the Court finds such remedy appropriate. This modification, however, does not impact the Court's discussion and holding from the July 3, 2008 Order with respect to Plaintiffs' as-applied equal protection and due process claims.

7

I.  <u>Facial Equal Protection Claim</u>

County Defendants assert that the Court should have granted summary judgment on Plaintiffs' facial equal protection claim because a classification not implicating fundamental rights is accorded a strong presumption of validity and must be upheld if there is a rational relationship between the disparity of treatment and some legitimate government purpose.  Moreover, the legislation must be upheld if there is any reasonably conceivable basis that could provide a basis for the classification.  In light of Plaintiffs failure to offer probative evidence rebutting the Ordinance's presumption of validity and in consideration of the Ordinance's stated purpose of providing affordable housing to Maui's workforce, County Defendants contend that the Court erred in not granting summary judgment on this claim.  County Defendants additionally aver that the Court mistakenly shifted the burden to prove the rational basis for the Ordinance on to them.

The Court addresses this "burden shifting" argument first.  County Defendants are incorrect that the Court improperly imposed on them a burden that actually lay with Plaintiffs.  Instead, the Court applied the relevant burdens of production and persuasion associated with a motion for summary judgment and

found that County Defendants had not satisfied these burdens.[4]  To reiterate,

County Defendants, as the moving party, had the burden to demonstrate that there

was no genuine issue of material fact with respect to the equal protection claims

raised by Plaintiffs.[5]  By not delineating whether they were moving for summary

judgment on the facial equal protection claim, the as-applied equal protection

claim, or both, County Defendants failed to make clear to the Court the nature and

scope of relief they were requesting.  As a result, the Court addressed County

Defendants' equal protection challenge in the broad terms in which it was framed.

In conjunction with the Court's obligation to construe the evidence in a light most

_____

[4] County Defendants mis-characterize the Court's language in citing to page 48 of the July 3, 2008 Order as proof that the Court erroneously shifted the burden of proof to them.  The sentence preceding the one quoted by County Defendants reveals the scope of the burden imposed by the Court.  "Here, however, County Defendants, as the moving party, bear the burden of establishing that there is no genuine issue of material fact on Plaintiffs' equal protection claim and, as a result, dismissal of this claim is appropriate as a matter of law." (July 3, 2008 Order at 48.)

[5] "A moving party without the ultimate burden of persuasion at trial – usually, but not always, a defendant – has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment."  Nissan Fire & Marine Ins. Co., Ltd., 210 F.3d 1099, 1102 (9th Cir. 2000).  In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.  Id.  In order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact.  Id.

favorable to Plaintiffs as the non-moving party, this failure to delineate led to a determination that County Defendants had fallen short of meeting their summary judgment burden via their nebulous equal protection attacks.  Contrary to County Defendants' assertion, the Court did not erroneously shift the burden of proof.

The Court now turns to the question of whether County Defendants' facial equal protection attack has merit and finds that it does.  Social and economic legislation that does not employ suspect classifications or impinge on fundamental rights must be upheld against equal protection attack when the legislative means are rationally related to a legitimate government purpose.  Hodel v. Indiana, 452 U.S. 314, 331 (1981) (citation omitted).  "Moreover, such legislation carries with it a presumption of rationality that can only be overcome by a clear showing of arbitrariness and irrationality."  Id. at 332 (citation omitted).  Social and economic legislation is valid unless "the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that [a court] can only conclude that the legislature's actions were irrational."  Vance v. Bradley, 440 U.S. 93, 97 (1979)

There is nothing on the face of the Ordinance indicating arbitrariness or irrationality sufficient to overcome its presumption of validity.  The Ordinance's stated purpose is to provide affordable housing to median and gap group workforce

households in order to alleviate the shortage of workers and the resulting

downward pull on Maui's economy.  (Ordinance § 2.96.010.)  In attempting to

fulfill this goal, the Ordinance does not outwardly impinge on any fundamental

right, employ constitutionally suspect classifications, or appear so unrelated to its

legitimate government purpose as to render it constitutionally unsound.  While

Plaintiffs object to the methods by which the Ordinance attempts to effectuate its

purpose, such quibbles are in the nature of an as-applied, as opposed to a facial,

challenge.  In addition, Plaintiffs did not produce any evidence of an improper

purpose or illegal classification in their opposition to County Defendants' motion.

Finally, it is outside the province of this Court to judge the wisdom of the

Council's legislative choices.

In light of the foregoing, the Court GRANTS the Motion for

Reconsideration and, resultingly, County Defendants' motion for summary

judgment as to the facial equal protection claim.

II.  Facial Due Process Claim

County Defendants next argue that Plaintiffs' facial due process claim

should also be reconsidered for essentially the same reasons.  County Defendants

assert that the Ordinance again enjoys a presumption of validity and an attack on it

must establish that it is plainly  arbitrary and serves no legitimate government

purpose.  Because Plaintiffs failed to establish such illegitimacy, summary judgment was appropriate.

The standard for analyzing a substantive due process claim is similar to the standard for an equal protection claim.  To establish a substantive due process violation, a plaintiff must prove that the challenged legislation fails to serve any legitimate governmental objective.  Lingle v. Chevron U.S.A., Inc., 544 U.S. 528, 542 (2005).  Under this analysis, legislation enjoys the same presumption of validity.  Hodel, 452 U.S. at 331-32.

As stated in the preceding section, the Ordinance addresses a clearly legitimate governmental objective – namely, to provide affordable housing to Maui's workforce in a climate where such housing is increasingly scarce.  On its face at least, the Ordinance does not impose an arbitrary burden on residential developers such as Plaintiffs, nor do the Ordinance's terms fail to bear any rational relationship to its purpose.  While Plaintiffs argue that the Ordinance will not bring about the intended results, such speculation is not a sufficient ground for this Court to facially invalidate the Ordinance.  Accordingly, the Court GRANTS the Motion for Reconsideration and clarifies that summary judgment is granted with respect to Plaintiffs' facial due process claim.

III.  "Class of One" Equal Protection Claim

        Finally, County Defendants aver that the Court erred with respect to their "class of one" equal protection argument because Plaintiffs did not establish a high degree of similarity between themselves and others equivalently situated during their appeal for a waiver from the Ordinance.  Specifically, County Defendants argue that Plaintiffs are the only entities to have filed an appeal and, thus, there can be no one else similarly situated.  County Defendants also infer that the Court mistakenly determined that Plaintiffs' allegations regarding the appeal process pertained to an equal protection, as opposed to a due process, challenge.

        Regardless of County Defendants' disagreement with the context in which the Court addressed the appeal process, reconsideration of this issue is unwarranted.  The Court's review of the motion for summary judgment indicates that County Defendants raised the "class of one" issue with regard to Plaintiffs' equal protection claims, despite an apparent lack of certainty about what Plaintiffs were alleging.  (See County Defendants' Mot. for Summ. Judg. at 22 ("Plaintiffs appear to be claiming that they are entitled to 'Class of One' review[.]"))  Furthermore, County Defendants did not explicitly address the appeal issue anywhere in their motion.  Given this background, it was not error for the Court to ascribe the "class of one" argument to Plaintiffs' equal protection challenge, nor

13

was it error for the Court to find that County Defendants had not met their burden

on the question of summary judgment.

       To the extent that County Defendants now contend that Plaintiffs

"class of one" argument must fail because no other party has appealed for a waiver,

this is a new argument that is not appropriate in a motion for reconsideration.  See

Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005)

(holding that reconsideration may not be based on evidence and legal arguments

that could have been presented at the time of the challenged decision).  Should

County Defendants wish to re-visit this issue, they may do so in a subsequent

dispositive motion.

       In conclusion, it is worth noting that County Defendants rely heavily

on Celotex Corp. v. Catrett, 477 U.S. 317 (1986), which is one of the bastions of

summary judgment law, for many of the arguments raised in the Motion for

Reconsideration.  While not entirely misplaced, this reliance disregards one of that

case's fundamental principles – that a moving party may not require the

nonmoving party to produce evidence supporting its claim or defense simply by

saying that the nonmoving party has no such evidence.  Nissan Fire & Marine Ins.

Co., Ltd., 210 F.3d 1099, 1105 (9th Cir. 2000).  In other words, Celotex cannot be

read to hold that the moving party without the ultimate burden of persuasion at

trial – here, County Defendants – may use a summary judgment motion as a

substitute for discovery.  Id.

> In a typical case, in order to carry its initial burden of
> production by pointing to the absence of evidence to
> support the nonmoving party's claim or defense, the
> moving party will have made reasonable efforts, using
> the normal tools of discovery, to discover whether the
> nonmoving party has enough evidence to carry its burden
> of persuasion at trial . . . .  The nonmoving party, of
> course, must have had sufficient time and opportunity for
> discovery before a moving party will be permitted to
> carry its initial burden of production by showing that the
> nonmoving party has insufficient evidence.

Id. at 1105-06; see also Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir.

1991) (noting that the moving party must "point to materials on file which

demonstrate that a party will not be able to meet that burden [of persuasion]");

Celotex, 477 U.S. at 326 ("The parties had conducted discovery, and no serious

claim can be made that [defendant] was in any sense 'railroaded' by a premature

motion for summary judgment.  Any potential problem with such premature

motions can be adequately dealt with under Rule 56(f), which allows a summary

judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party had not had an opportunity to make full discovery.")

While the Court is not informed of the precise status of discovery in this case, County Defendants' motion for summary judgment relies almost exclusively on general case law and sweeping characterizations of Plaintiffs' purported claims and makes no reference to any information obtained via discovery channels (i.e. depositions, interrogatories, or affidavits). In short, County Defendants' emphasis on <u>Celotex</u> ignores the important procedural distinctions that exist between that case and this one. Based on County Defendants' demonstrated lack of clarity as to the nature and scope of many of Plaintiffs' allegations here, it appears that further discovery would prove beneficial to both the parties and the Court.

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART County Defendants' Motion for Reconsideration. Summary judgment is GRANTED as to Plaintiffs' facial equal protection and facial due process claims. Summary judgment is DENIED with respect to County

Defendants "class of one" equal protection argument.  Plaintiffs' as-applied equal

protection and as-applied due process claims remain viable.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai`i, September 9, 2008.



_____
David Alan Ezra
United States District Judge

Kamaole Pointe Development LP, et al. vs. County of Maui, et al., CV No.07-
00447 DAE-LEK; ORDER GRANTING IN PART AND DENYING IN PART
COUNTY DEFENDANTS' MOTION FOR RECONSIDERATION