IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| KAMAOLE POINTE DEVELOPMENT LP; ALAKU POINTE LP, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF MAUI, et al., <br><br> Defendants. | CV. NO. 07-00447 DAE-LEK |

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AND DENYING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT

On September 28, 2009, the Court heard Plaintiffs' and Defendants' respective motions. Robert G. Klein, Esq., and Dayna H. Kamimura-Ching, Esq., appeared at the hearing on behalf of Plaintiffs; Madelyn S. D'Enbeau, Deputy Corporation Counsel, appeared at the hearing on behalf of Defendants. After reviewing the motions and the supporting and opposing memoranda, the Court **DENIES** Plaintiffs' Motion for Partial Summary Judgment and **DENIES** Defendants' Motion for Summary Judgment.

## BACKGROUND

The parties are familiar with the facts of this case so the Court only recounts those pertinent to its immediate determination. In December 2006, the Maui County Council ("Council") passed Ordinance No. 3418, entitled the "Residential Workforce Housing Policy" (the "Ordinance"). The Ordinance requires developers to dedicate forty to fifty percent of the total number of units or lots available in a residential development to affordable housing. In lieu of providing actual units, the Ordinance provides that the developer may either: (1) pay an in-lieu fee at the rate of 30% of the total project sales; (2) donate unimproved land valued at 200% of the in-lieu fee; or (3) donate improved land valued at 100% of the in-lieu fee.

Plaintiffs are the owners of two parcels of land in Kihei, Maui, on which they planned to construct two multi-family residential projects. Prior to the passage of the Ordinance, Plaintiffs and their predecessors-in-interest invested hundreds of thousands of dollars into the planning and design of these projects. After determining that complying with the Ordinance would render their projects economically infeasible, Plaintiffs appealed to the Council for a waiver from the

Ordinance on February 23, 2007 pursuant to Section 2.96.030 of the Ordinance.[1]

On July 24, 2007, the Council held a Policy Committee meeting at which Plaintiffs were invited to provide evidence that would justify a waiver. On August 21, 2007, the Council rejected Plaintiffs' appeal, finding that there was a reasonable nexus between the impact of Plaintiffs' proposed developments and the need for affordable housing on Maui.

On August 23, 2007, Plaintiffs filed their Complaint, which was subsequently amended on September 6, 2007 (the "First Amended Complaint"), alleging that the Ordinance: (1) violates Plaintiffs' constitutional rights; (2) effects an impermissible "taking" of property; (3) violates Plaintiffs' substantive due process and equal protection rights; and (4) violates the Hawai`i Constitution. In addition, Plaintiffs contend that Defendants lacked authority to enact the Ordinance and sought to enjoin its enforcement.

On February 28, 2008 and April 2, 2008, respectively, Plaintiffs and Defendants filed motions for summary judgment. In an order filed on July 3, 2008,

---

[1] The Ordinance provides:
A developer of any development subject to this chapter may appeal to the council for a reduction adjustment, or waiver of the requirements based upon the absence of any reasonable relationship or nexus between the impact of the development and the number of residential workforce housing units or in-lieu fees/land required.
Maui, Haw. Code § 2.96.030.

the Court denied Plaintiffs' motion on the basis that Plaintiffs' "unconstitutional conditions" claim was in fact an unripe facial takings claim.  Also in the July 3, 2008 Order, the Court granted in part and denied in part Defendants' motion, granting the motion as to the unripe takings claims and denying the motion as to Plaintiffs' equal protection and substantive due process claims.  The Court additionally found summary judgment unwarranted on Plaintiffs' State law claims and declined Defendants' request to certify these issues to the Hawai`i Supreme Court.

On July 18, 2008, Defendants moved for reconsideration of the July 3, 2008 Order.  On September 9, 2008, the Court granted in part and denied in part the motion, clarifying that Defendants' motion for summary judgment was granted with respect to Plaintiffs' facial equal protection and facial due process claims, and denied with respect to Plaintiffs' as-applied equal protection and as-applied due process claims.  The Court did not disturb its denial of summary judgment on the "class of one" claim.

On October 20, 2008, Defendants filed a Motion for Summary Judgment on the remaining claims.  (Doc. # 119.)  Likewise, Plaintiffs filed a Motion for Partial Summary Judgment on October 20, 2008.  (Doc. # 121.)  In an order filed on November 25, 2008 (the "November 25, 2008 Order"), this Court

denied Plaintiffs' motion for partial summary judgment and granted in part and denied in part Defendants' motion for summary judgment. (Doc. # 135.) Specifically, the Court dismissed Plaintiffs' state and federal as-applied substantive due process and equal protection claims as unripe for review. (Id. at 18-19.) The Court found that the Ordinance's in-lieu fee provision does not conflict with State statute and therefore granted Defendants' motion for summary judgment as to the preemption issue. (Id. at 30.) The Court found that summary judgment was not warranted with respect to whether the Ordinance invalidly delegates to the Council, instead of the Board of Variances and Appeals, the power to adjudicate appeals requesting a waiver. (Id. at 34.) As to Plaintiffs' procedural due process claim, this Court determined that Plaintiffs were deprived of a protectable property interest but did not grant summary judgment because there existed a genuine issue of material fact as to the nature and quality of the Council's consideration of Plaintiffs' waiver appeal. (Id. at 29.)

   The remaining issues are therefore: (1) violation of procedural due process; and (2) delegation of the power to adjudicate appeals requesting a waiver to the Council.

   On July 30, 2009, Defendants filed a Motion for Summary Judgment as to the remaining claims. (Doc. # 183.) On September 10, 2009, Plaintiffs filed

their Opposition. (Doc. # 197.) On September 16, 2009, Defendants filed their Reply. (Doc. # 200.)

On July 31, 2009, Plaintiffs filed their Motion for Partial Summary Judgment as to their procedural due process claim. (Doc. # 186.) On September 10, 2009, Defendants filed their Opposition. (Doc. # 194.) On September 17, 2009, Plaintiffs filed their Reply. (Doc. # 203.)

## STANDARD OF REVIEW

Rule 56 requires summary judgment to be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Porter v. Cal. Dep't of Corrections, 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). "A material fact is one which may affect the outcome of the litigation." Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979). A main purpose of summary judgment is to dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. See id. at

323. A moving party without the ultimate burden of persuasion at trial -- usually, but not always, the defendant -- has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). The burden initially falls upon the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).

Once the moving party has carried its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and may not rely on the mere allegations in the pleadings. Porter, 419 F.3d at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). In setting forth "specific facts," the nonmoving party may not meet its burden on a summary judgment motion by making general references to evidence without page or line numbers. S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties."). "[A]t least some 'significant probative evidence'" must be

produced. T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)). "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." Addisu, 198 F.3d at 1134.

When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." T.W. Elec. Serv., 809 F.2d at 631. In other words, evidence and inferences must be construed in the light most favorable to the nonmoving party. Porter, 419 F.3d at 891. The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage. Id. However, inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. T.W. Elec. Serv., 809 F.2d at 631.

## DISCUSSION

At the outset, this Court notes that both Plaintiffs and Defendants have seemingly ignored this Court's November 25, 2008 Order to the extent that it determined that summary judgment was not warranted as to the issue of bias and whether the hearing was a "sham" in violation of Plaintiffs' right to procedural due

process. The Court evaluated the evidence submitted by all parties in their October 20, 2008 motions for summary judgment and stated:

> It is clear, then, that a genuine issue of material fact exists as to the nature and quality of the Council's consideration of Plaintiffs' waiver appeal. The question of whether Plaintiffs' opportunity to be heard was "meaningful" is complex, and requires credibility judgments that are more properly suited for a jury.

(Nov. 2008 Order at 29.) Neither Plaintiffs nor Defendants filed a motion for reconsideration on this determination; instead, all parties have raised the issue anew in the instant motions.[2] The Court will review the new motions for summary judgment in accordance with the facts presented and the Court's prior determinations.

I. Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs once against request this Court grant their motion for summary judgment as to their procedural due process claim. Plaintiffs present

---

[2] In their Opposition and at the hearing on this matter, Defendants argue that Plaintiffs do not have a protectable property interest and that their claim is unripe for review. (Opp'n at 9-11.) In the November 25, 2008 Order, this Court already determined that Plaintiffs have a protectable property interest. (Nov. 2008 Order at 26.) Defendants have not filed a motion for reconsideration on this matter. As the Court concluded in the November 2008 order, "[t]here is sufficient evidence in the record to evaluate the legitimacy of the Council's waiver hearing and this Court need not await a development application by the Plaintiffs to assess the hearing's constitutionality." (Id. at 21.)

various arguments that ultimately turn on whether the Council properly evaluated their appeal for a waiver.

In their October 20, 2008 motion, Plaintiffs presented evidence that Defendants' reasons for rejecting Plaintiffs' appeal were biased and purely political, and Plaintiff presented statements from the record made by Councilmembers as evidence of this bias.  In their motion currently before this Court, Plaintiffs present the same arguments and submit the same statements by the same Councilmembers as evidence (in addition to additional statements).  For example, the October 20, 2008 motion quoted Member Mateo: "For too long, the developers have been running the . . . candy shop . . . ."  (Oct. 2008 Mot. at 22.)  That motion also quoted Member Anderson: "I especially applaud Chairman Danny Mateo for having the guts and bravery to stand strong . . . ."  (Id.)  Those same quotations are included as evidence in the motion now before this court.  (Mot. at 12.)

This Court's November 25, 2008 Order directly addressed this evidence and juxtaposed it with the evidence submitted by Defendants to the contrary.  (Nov. 2008 Order at 28.)  The Court's review of the record leads to the

same conclusion.[3] A question of bias involves issues of motive and intent, and when both parties offer probative evidence, the issue is accordingly most properly evaluated at trial. See, e.g., Nolan v. Heald College, 551 F.3d 1148, 1155-56 (9th Cir. 2009) (directing a bench trial on the matter of bias should the district court on remand determine that the evidence of bias is material).

      Plaintiffs allege that some Councilmembers were determined to never grant waivers at all, thereby denying Plaintiffs opportunity for a fair hearing on the merits of their waiver appeal. (Mot. at 13.) In support, Plaintiffs present statements made by various Members. (Pl's CSOF Ex. 1 at 11 (Member Victorino: "[W]hen someone comes in and [is] asking for a waiver, A) they've gotta understand we're not gonna give waivers; and B) if they want something then they should make sure they're ready to make that move towards affordable housing."); Id. at 9 (Chair Mateo: "Members, by enacting the Residential Workforce Housing Policy, the Council had already made a finding that the impact of any applicable development is presumed to bear a reasonable relationship to the affordable housing shortage."); Pl.'s CSOF Ex. 13 at 47 (Member Baisa: An on the advice of corp counsel and Danny Mateo . . . I felt comfortable in supporting the chair's

---

[3] In their Opposition, Defendants again dispute that there was bias on the part of the Councilmembers and argue, inter alia, that the remarks were little more than expressed frustrations or remarks taken out of context. (Opp'n at 12-16.)

recommendation."); Pl.'s CSOF Ex. 1 at 12 (Member Johnson: "[Plaintiffs'] rationale . . . makes no sense because . . . they're accusing us of not having a rational nexus."))

There is a genuine issue of material fact as to whether the Council had predetermined to deny a waiver. First and foremost, the Court's review of the Members' statements cited by Plaintiffs reveals that the Members' statements are internally contradictory. For instance, although Member Baisa did appear to rely on Chair Mateo's statement of presumption, she also indicated that she had reviewed the appeal on the merits when she stated that "although a waiver was being requested . . . there wasn't sufficient information or convincing information to grant the waiver." (Pl.'s CSOF Ex.13 at 47.) In contrast to Plaintiffs' characterization of Member Victorino's bias against any waivers, Member Victorino stated in his deposition that he would require afordable housing to be built "[a]s required by law" and that a waiver was not proper for "this particular project" based on the information provided by Plaintiff.[4] (Pl.'s CSOF Ex. 12 at 55-56.) Member Johnson listed specific information as the basis for her denial: "I read through their appeal, and franking they don't talk about the number of units.

---

[4] Furthermore, Defendants argue that Member Victorino's comments were incorrectly interpreted to mean that the entire Council had made up its mind prior to the hearing. (Opp'n at 15.)

They don't even lay out a proper case for pre- and post-development. . . . I'm very disappointed that if this is an appeal, I would hope that the next time someone comes forward with an appeal . . . . they can make it and logically lay it out so that it's easier to see what the numbers are." (Pl.'s CSOF Ex. 1 at 12.)  Even if Member Johnson erred in her analysis of Plaintiffs' submission, it does not automatically follow that she was predisposed against granting all waivers.

          Defendants present evidence that Councilmembers were willing to consider granting waivers, thus satisfying their burden to demonstrate to this Court that there are material issues for trial.  (Def.'s CSOF Ex. C at 54 (Member Baisa: "I don't resent anybody for asking [for a waiver]."); Def.'s CSOF Ex. E at 69-70 (Member Johnson: "If . . . the things which I reiterated to you were deficient, had that been produced . . . I would have looked at that on its face.  I have approved other developments.  I'm not always a naysayer. . . . [Other projects] have contained that information and, therefore, I could support it."); Def.'s CSOF Ex. F at 32 (Member Mateo answering "No, not at all" when asked whether a request for a waiver would be insulting); Def.'s CSOF Ex. J at 51 (Member Victorino answering "No, I don't think I had made up my mind" when asked whether he had already decided that he would never grant a waiver request)).

Plaintiffs further argue that the Councilmembers did not adequately review Plaintiffs' appeal, incorrectly evaluated documents presented by Plaintiffs, based their decision on procedures not required by the Ordinance, and erroneously concluded that there was a nexus. (Mot. at 20-28.) Defendants argue in response that Plaintiffs simply failed to meet their burden of proof to obtain a waiver. (Opp'n at 17-20.)

Plaintiffs and Defendants ask this Court to reach conclusions on the Councilmembers' thought process, intent, and credibility, and to weigh conflicting evidence. This is not appropriate on a motion for summary judgment. "'[C]redibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" Blankenhorn v. City of Orange, 485 F.3d 463, 470 (9th Cir. 2007) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). See also Conn v. City of Reno, 572 F.3d 1047, 1058 (9th Cir. 2009) ("We, of course, may not make credibility determinations or weigh conflicting evidence."); Porter v. Cal. Dep't of Corrections, 419 F.3d 885, 891 (9th Cir. 2005). Defendants have offered evidence to contradict Plaintiffs' evidence; it is not the role of the Court to decide whose evidence is more credible on a motion for summary judgment.

The evidence presented by Plaintiffs and Defendants demonstrates that on-going questions of material fact remain as to the nature and quality of the Council's consideration of Plaintiffs' waiver appeal.[5]  Accordingly, Plaintiffs' motion for summary judgment as to Plaintiff's procedural due process rights is DENIED.

III.  Defendants' Motion for Summary Judgment

    A.    Procedural Due Process

Defendants dedicate over one-half of their motion to two questions already addressed by this Court:  (1) whether Plaintiffs have the protectable property interest required for a due process claim; and (2) whether Plaintiffs' procedural due process rights were violated.  (Mot. at 8-27.)  The Court has already determined, in the November 25, 2008 Order and for the reasons stated above, that Plaintiffs do have a protected property interest and that summary judgment is not warranted for the procedural due process claim.  The Court need not address these issues again in this Order.

---

[5] The Court need not, therefore, reach the question of remedy for a violation of procedural due process.

B.   Adjudication of Waiver Appeals

Plaintiffs asserted that the "Ordinance's waiver provision improperly delegate the power and authority to grant variances to the Maui County Council in violation of the Maui County Charter, and applicable state and county law." (First Am. Compl. at 26 ¶ 88.) The Maui County Charter, Plaintiffs contend, properly vests this authority with the Board of Variances and Appeals ("BVA").

Maui County Charter section 8-8.1 sets up a Department of Planning, which includes the BVA. The BVA is required to "hear and determine applications for variances from the strict application of any zoning, subdivision or building ordinances." Maui County Charter § 8-8.7(1).

Defendants argue that the BVA's exclusive jurisdiction is limited and that a waiver from the Ordinance is not the type of variance contemplated by the Charter when it requires the BVA to review variances from zoning, subdivision, or building ordinances. (Mot. at 28.) In any case, Defendants contend, Plaintiffs waived any objection by allowing the Council hearing to proceed. (Id. at 29.) Defendants further argue that Plaintiffs fail to state a federal claim under 42 U.S.C. § 1983 in arguing that the Ordinance violates the Charter. (Id. at 30.)

In their opposition brief, Plaintiffs do not directly address Defendants' arguments concerning the Council's jurisdiction over variances. In particular,

16

Plaintiffs offer no rebutting evidence or legal arguments as to the scope of the BVA's jurisdiction over hearings and whether the Ordinance improperly delegates authority to the Council. It appears, therefore, that Plaintiffs have abandoned their claim that the Ordinance improperly delegates power and authority to grant variances to the Council. For this reason alone, the Court would be entitled to dismiss this claim. See Jenkins v. County of Riverside, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("[Plaintiff] abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment."). Nevertheless, out of an abundance of caution, the Court will address Defendants' bases for summary judgment.

First, as a jurisdictional matter, the Court addresses Defendants' section 1983 argument. Plaintiff's improper delegation argument forms part of their development exaction and in-lieu fee argument. (First Am. Compl. at 24.) Plaintiffs do not, as Defendants contend, bring this claim pursuant to section 1983. Plaintiffs clearly state that the Court may exercise supplemental jurisdiction over these state-based claims pursuant to 28 U.S.C. § 1367. (Id. at 4.) Accordingly, Defendants' section 1983 argument is meritless.

Second, according to Defendants, the County interprets the Charter language to require the BVA to hear variance requests pertaining to Maui County

Code Chapter 16 (Buildings and Construction), Chapter 18 (Subdivisions), and Chapter 19 (Zoning) only. (Mot. at 28.) All other variances, Defendants posit, are not required to be heard by the BVA. The Ordinance is codified as Chapter 2.96 and is not part of the building, subdivision, or zoning chapters; under Defendants' theory, the BVA is not required to rule on Plaintiffs' request for a waiver. Plaintiffs offer no contradictory arguments.

    Defendants ask that this Court give effect to the County's interpretation of the Charter. It is true that the Hawaii Supreme Court has held that "the interpretation of [a] charter is similar to the interpretation of a statute," and "[i]n interpreting a zoning ordinance . . . the duty of this court is to ascertain and give effect to the intent of the . . . council." <u>Save Diamond Head Waters LLC v. Hans Hedemann Surf, Inc.</u>, 211 P.3d 74, 83 (Haw. 2009). But it is still incumbent upon Defendants to offer some evidence of the County's interpretation of the Charter. Defendants merely state that the County interprets the Charter in that way; Defendants do not cite to any affidavits, policy statements, or other facts to support this conclusory allegation. The Court does not give deference to arguments made in a motion brief; for the Court to grant a motion for summary judgment, a party must actually present facts for the Court to review. Defendants

have not done so.[6]  The burden falls upon the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323). Defendants cannot rely on this Court to make their arguments for them.

Defendants' final argument, that Plaintiffs waived their right to object to the Council hearing, is utterly indiscernible.  It appears that Defendants intended to argue that Plaintiffs waived their right to dispute the Council's power to issue waivers.  But the subsection of the Motion is titled "Plaintiffs Waived Their Objection to the Alleged Bias of Council by Failing to Timely Object."  (Mot. at 29 (emphasis added).)  And all the case citations offered by Defendants pertain to allegations of bias.  (Id.)  Defendants do not actually argue that Plaintiffs waived their right to object to the Council hearing based on the Council's lack of authority to issue variances pursuant to the Charter.

Accordingly, Defendants' motion for summary judgment is DENIED.

---

[6] Defendants' example by analogy to appeals from decisions of the Director of Water Supply, (Mot. at 29), does not show that the Ordinance waiver is considered exempt from the BVA's mandatory review.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiffs' Motion for Partial Summary Judgment and DENIES Defendants' Motion for Summary Judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, September 29, 2009.

_____
David Alan Ezra
United States District Judge

Kamaole Pointe Development LP, et al. vs. County of Maui, et al., CV No.07-00447 DAE-LEK; ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT